[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S PENDENTE LITE MOTION FOR CONTEMPT # 219
This action began on or about February 24, 1998. With its commencement, Automatic Orders were in force and effect and the Defendant had notice of these orders. On April 5, 1999, the Court ordered that the Defendant be enjoined from dissipating the sum of $350,000 in his deferred compensation plan established through Colin Service System, a family run business. Judge Kavanewsky ordered as follows:
 "Absent an agreement, what I was going to order was to enjoin the [350,000] to be contributed to the equity of Colin Services as a result of a pass through with the deferred comp plan. I am enjoining that from happening until further order of the Court."
Again, on April 22, 1999, Judge Kavanewsky ordered that his order as to the $350,000 deferred compensation plan was to remain in full force and effect until further order of the Court.
At some point thereafter, Defendant forgave this $350,000 obligation. This forgiveness of the corporation's obligation directly violated Judge Kavanewsky's orders. Defendant was in Court when these orders were issued. Plaintiff has proven by clear and convincing evidence that Defendant violated both the Automatic Orders and the specific orders of Judge Kavanewsky.
Defendant also loaned $125,000 to Colin Service Systems, Inc. from his cash account. At the time of this loan, Colin Service Systems, Inc. was losing large sums of money and was unable to borrow funds from most institutional lenders. This loan violated the Automatic Orders, Practice Book § 25-5(a)(1). Defendant was aware of the prohibitions contained in the Automatic Orders and his violation was knowing and willful.
Based upon these findings and conclusions, the court finds the Defendant in contempt of court. It is hereby ordered that the Defendant be and is prohibited from making payments and/or withdrawals of any kind out of or from the Merrill Lynch CMA account without permission in writing from the Plaintiff or without court authorization. Plaintiff shall serve Merrill Lynch with a copy of this order and Defendant shall reimburse Plaintiff CT Page 13929 for the cost and expense of said service within one week after payment. Further, at the time of final judgment an adjustment should be made in favor of the Plaintiff for her equitable share of said $125,000 and for her share of the value of the claim, if any, to the $350,000 from the deferred compensation plan.
As a result of these actions of the Defendant, Plaintiff has incurred legal expenses. The Court has considered the services rendered by counsel regarding this motion for contempt, the affidavit and the applicable statutes and case law. The Court orders the Defendant to pay to the Plaintiff, for her fees and costs related to these proceedings, the sum of $1450 within 15 days of the date of this order.
So ordered.
HILLER, J.